UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEAL TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-04506-RLY-MPB |
| ) | |
| SUPERIOR AUTO AND DIESEL REPAIR, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION TO DEFAULT JUDGMENT WITH PERMANENT INJUNCTION**

This matter comes before the Court on Plaintiff's Motion for Default Judgment with Permanent Injunction (Docket No. 14). For the reasons set forth below, the undersigned recommends that the Court **GRANT** Plaintiff's motion.

**I.   Background**

Plaintiff Neal Technologies, Inc. d/b/a Bullet Proof Diesel filed its Complaint against Defendant Superior Auto and Diesel Repair, Inc. on December 5, 2017 alleging trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and Indiana common law (Docket No. 1).

On December 22, 2017, Plaintiff served Defendant with a Summons and copy of the Complaint (Docket No. 8). Defendant failed to plead or otherwise defend against Plaintiff's suit, and on February 7, 2018, Plaintiff moved for a Clerk's Entry of Default against Defendant (Docket No. 12), which was entered on February 8, 2018 (Docket No. 13). Plaintiff now moves for Default Judgment with Permanent Injunction against Defendant (Docket No. 14). A hearing

1

on Plaintiff's Motion for Default Judgment with Permanent Injunction held on August 22, 2018 (Docket No. 20). Defendant did not appear for the hearing. Gene Neal, the principal of Neal Technologies, Inc., appeared and was called to testify.

## II.   Standard

When a clerk enters default judgment against a defendant, "the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). "Once default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks," and the Court must "conduct an inquiry" to determine with "reasonable certainty" whether a plaintiff is entitled to the damages and/or other relief the plaintiff seeks. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (citation and quotation marks omitted).

## III.   Findings

When the Clerk in this case entered default against Defendant (Docket No. 13), Defendant admitted the well-pleaded allegations in Plaintiff's Complaint. The Complaint alleged that Plaintiff retains the common law BULLETPROOF, BULLET PROOF, BULLETPROOFDIESEL, and BULLET PROOF DIESEL trademarks and has been using them since 2009, as well as the following U.S. registered trademarks: BulletProofDiesel.com (U.S. Registration 4,235,578); BulletProofDiesel.com and Design mark (U.S. Registration 4,262,825); "BULLET PROOF" (U.S. Registration 5,130,772 and 5,220,129); "BULLET PROOF DIESEL" (U.S. Registration 5,220,128); "BULLETPROOFDIESEL" (U.S. Registration 5,220,127); U.S. Registered LOGOS, Registration Numbers 5,181,668; 5,181,669, and 5,203,935 (*see* Docket No. 1 at ECF p. 3; *see also* Docket No. 1-2 and Docket No. 1-3). The Complaint further alleged that Defendant directly infringed upon the above-referenced trademarks by advertising, marking, and

sales of "Bulletproof" packages (*see* Docket No. 1 at ECF pp. 5-10). These allegations constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and Indiana common law. The only remaining issue is whether Plaintiff can establish with "reasonable certainty" that it is entitled to the relief that it seeks.

### A. Damages

Violation of the Lanham Act authorizes the recovery of Defendant's profits, any damages sustained by the Plaintiff, and court costs. 15 U.S.C. § 1117(a). Plaintiff in this case acknowledges that it is not entitled to recover damages it has sustained due to the absence of proof of actual confusion. Regarding the recovery of Defendant's profits, "[r]ecovery of this nature often proves unwieldy or impractical to determine, especially in the case of a default." *Rolls-Royce, supra*, 688 F. Supp. 2d at 156. Therefore, Plaintiff is electing to pursue a discretionary award in lieu of Defendant's profits in the amount of $150,000.00. 15 U.S.C. §1117(a) provides that "the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty." Defendant in this case continues to willfully infringe upon the Plaintiff's trademarks (*see* Docket No. 15-1), and as such, the Magistrate Judge can say with at least "reasonable certainty," *In re: Catt*, 368 F.3d 789 at 793, that Plaintiff is entitled to a discretionary award of $150,000.00.

### B. Injunctive Relief

Plaintiff next seeks injunctive relief under 15 U.S.C. § 1117. In order to obtain a permanent injunction, a plaintiff must show:

> (1) that is has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to

> compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). "[I]t is not uncommon for courts to issue injunctions as part of default judgments." Virgin Records American, Inc. v. Johnson, 441 F.Supp.2d, 963, 965 (N.D. Ind. 2006) (citing Johnson v. Kakvand, 192 F.3d 656 (7th Cir. 1999)).

Regarding the irreparable harm element, Plaintiff argues that, as a trademark holder whose mark is being infringed, harm is generally presumed. Plaintiff has also argued an impairment of goodwill. (*See* Docket No. 1, ¶ 30). Plaintiff further argues that, as far as other remedies of law, Plaintiff cannot recover Defendant's profits as Defendant has been unwilling to participate in this litigation, and therefore, has not submitted any evidence of its profits. By virtue of Defendant's default, Plaintiff in this case has already succeeded in proving the first and second factors in an injunction analysis.

The remaining factors also favor Plaintiff's relief. First, Defendant has no legitimate interest in continuing to use the mark and will suffer little harm as a result of the injunction. Defendant has admitted liability for trademark infringement and unfair competition by virtue of the default, and absent an injunction, Plaintiff will suffer irreparable harm due to Defendant's use of Plaintiff's trademarks. Defendant has not appeared in this matter to argue what harm, if any, they would suffer as a result of the injunctive relief sought.

Lastly, the public interest will not be harm as a result of the injunction:

> The Seventh Circuit Court of Appeals has found that the public interest is served by an injunction enjoining the use of infringing trademarks because "enforcement of the trademark laws prevents consumer confusion." *Eli Lilly & Co.*, 233 F.3d at 469 (citing *Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 19 (7th Cir. 1992); *International Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*, 846 F.2d

4

1079, 1092 n.8 (7th Cir. 1988)); *see also The American Automobile Association, Inc. v. Waller*, 2017 U.S. Dis. LEXIS 205579, 2017 WL 6387315, *6 (S.D. Ind. 2017) (finding issuing permanent injunction was in the public interest because it would "protect[] [the public] from being misled into believing that [defendant's] business has been given a stamp of approval from the Plaintiff").

*NCAA v. Kizzang LLC*, No. 1:17-cv-712-JMS-MPB, 2018 WL 465785 (S.D. Ind. Jan. 18, 2018) .

The undersigned finds that all four of the above factors favor Plaintiff's proposed relief, and therefore recommends that the Court enter the permanent injunction as requested by Plaintiff, which will immediately restrain and enjoin the following acts:

A. Using "bullet proof," "bulletproof," "bulletproofing," "bulletproofed," "bullet proof diesel," "bulletproofdiesel," and "bulletproofdiesel.com," including all variations that capitalize all or one of the letters ("the Designations") or any derivation or colorable imitation thereof, or any of them, in conjunction with marketing, promotion, offering for sale, and/or sale (including, without limitation, via email, on any website, in any embedded meta data, on any social networking sites such as Facebook, LinkedIn, Google, Instagram, Twitter or otherwise) of diesel engine aftermarket parts, related aftermarket packages, and related services; and

B. Using in any fashion Plaintiff's U.S. Registered LOGOS, including that of its U.S. Registration Numbers 5,181,668; 5,181,669; and 5,203,935.

**C. Costs and Fees**

The Lanham Act allows for attorney's fees in exceptional cases. 15 U.S.C. § 1117(a). The Seventh Circuit has concluded that attorney's fees are exceptional "if the losing party was the defendant and had no defense yet persisted in the trademark infringement or false advertising for which he was being sued…" *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 626 F.3d 958, 963-64 (7th Cir. 2010) (Posner, J.). "In the context of trademark infringement and unfair competition, the term 'exceptional case,' which is not defined by statute, is generally understood to include one involving proven fraud, bad faith or willful or deliberate infringement… In addition, a case may be deemed 'exceptional' and merit an award of

5

attorney's fees under the Lanham Act when the Defendants disregard legal proceedings."
*MetroPCS v. Devor*, 215 F.Supp.3d 626.

Willfulness in this matter has been pled in the Complaint (Docket No. 1) and admitted to by virtue of the default. Defendant has not only been using the "BULLETPROOF" name, but has also copied the logo and used it on their advertisements. This indicates willful infringement. Further, Defendant has not attempted to participate in the legal proceedings of this case, thus disregarding them. Therefore, the Magistrate Judge believes this case falls under the "exceptional case" criteria and warrants an award of attorney's fees and costs under the Lanham Act. The undersigned recommends that the Court award the Plaintiff with attorney's fees in the sum of $48,695.00 and costs in the sum of $3,056.00 for a total of $51,751.00.

### IV. Conclusion

For the reasons set forth above, the undersigned recommends that the Court **GRANT** Plaintiff's Motion for Default Judgment with Permanent Injunction (Docket No. 14). Accordingly, the undersigned recommends that Plaintiff be awarded: (1) a discretionary award of $150,000.00; (2) permanent injunctive relief as described above; and (3) fees and costs of $51,751.00, resulting in a total monetary award of $201,751.00.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen (14) days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: August 28, 2018

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Distribution:

Superior Auto and Diesel Repair, Inc.
c/o Alan W. Jones, Jr., Registered Agent
1153 E. St. Rd. 44
Shelbyville, IN 46176

Served electronically on all ECF-registered counsel of record.